374 So.2d 1240 (1979)
HOUSEMASTER CORPORATION
v.
CITY OF KENNER.
No. 64149.
Supreme Court of Louisiana.
September 4, 1979.
*1241 Joan B. Montero and Guy W. Olano, Jr., Kenner, for plaintiff-applicant.
H. A. Vondenstein, George Giacobbe, Kenner, for defendant-respondent.
MARCUS, Justice.
On August 16, 1978, the City of Kenner, pursuant to La.R.S. 33:4762,[1] caused notice to be served on L. S. Hiern, ordering him to appear on August 28, 1978, before a meeting of the Kenner City Council to show cause why he should not be ordered to repair or demolish his building (known as the Penthouse Apartments) located at 1039 Third Street in Kenner, Louisiana.
In response to this notice. Mr. Hiern appeared before the city council on the designated date where testimony was taken concerning the condition of the building. Thereafter, on September 5, 1978, the Kenner City Council adopted Resolution No. B-1825 wherein it found that the owner had failed to show any cause why the building should not be demolished, that the building was in a dilapidated condition, and that it constituted a danger to the public welfare. The resolution ordered demolition of the building to commence within fourteen days from the date the owner of the premises received written notice of the order and to be completed within sixty days from the stated date of commencement. Further, the resolution specified that written notice of the order be given to Housemaster Corporation as owner of the subject premises.
Thereafter, on December 14, 1978, Housemaster Corporation filed a petition for writ of mandamus and injunctive relief against the City of Kenner in the district court. In its petition, plaintiff alleged, inter alia, that it was a Louisiana corporation and the owner of a unit of apartments located at 1039 Third Street in Kenner, Louisiana. Plaintiff further alleged that it had (since its purchase of the property on March 11, 1977) attempted to contract with several different contractors to do the repairs and renovations of the building but that, upon applying for a building permit to begin these repairs and renovations, defendant rejected its application on the ground that the Kenner City Council had condemned the building and was presently taking bids for its demolition. Plaintiff thus sought writ of mandamus directing defendant, through its executive officer, to issue the building permit to plaintiff. Plaintiff further sought a temporary restraining order, a preliminary injunction, and a permanent injunction to *1242 prevent defendant, its agents, employees, and all other persons, or firms, acting or claiming to act in its behalf, from demolishing the building and all improvements thereon, or taking any affirmative action which would result in irreparable injury to plaintiff's interests and rights in the building. The trial judge granted plaintiff's application for a temporary restraining order, restraining defendant from taking any affirmative action in securing the demolition of plaintiff's property. It further assigned plaintiff's application for a writ of mandamus and a preliminary injunction for a hearing.
Defendant answered, admitting that plaintiff was the owner of the building located at 1039 Third Street in Kenner, Louisiana, that it had refused to issue a building permit to plaintiff, and that it had received bids for the demolition of the building; defendant generally denied the other allegations contained in plaintiff's petition. In addition, a peremptory exception of prescription was pleaded by defendant grounded on the claim that plaintiff's action had prescribed under the provisions of La.R.S. 33:4763 and 4764[2] in that it was brought more than five days after the decision and order of the Kenner City Council condemning the building.
The trial judge sustained the exception of prescription and dismissed plaintiff's action against defendant. The court of appeal refused plaintiff's application for writs, noting that plaintiff's failure to take an appeal under La.R.S. 33:4764 precluded it from obtaining relief under the court's supervisory jurisdiction. On application of plaintiff, we granted certiorari to review the correctness of the lower courts' rulings.[3]
Plaintiff first contends that defendant failed to comply with the requirements of La.R.S. 33:4762 in that notice was not served on the owner of the building or structure requiring it to show cause at a meeting of the governing authority (Kenner City Council) why the building or structure should not be condemned. It argues that, because no such notice was served on the owner of the building, the subsequent resolution adopted by the Kenner City Council ordering the building demolished is without effect.
Generally, a municipality in the exercise of its police power may, without compensation, destroy a building or structure that is a menace to the public safety or health. At a minimum, however, that municipality must, before destroying a building, give the owner sufficient notice and a hearing to satisfy the governmental responsibility to accord due process of law. 7 E. McQuillan, Municipal Corporations § 24.561 (3d ed. 1968); Miles v. District of Columbia, 166 U.S.App.D.C. 235, 510 F.2d 188 (D.C.Cir. 1975). We consider it axiomatic that statutes *1243 providing for these procedural protections and substantive restraints must be strictly construed, particularly the requirement that the proper owner be notified of the hearing.
La.R.S. 33:4762 provides that, before the governing authority may condemn any building or structure, the mayor or chief executive shall serve notice "on the owner of the building or structure requiring him to show cause at a meeting of the governing authority regular or special, why the building or structure should not be condemned." (emphasis added) If the owner be absent from the state or unrepresented therein, then the notice shall be served upon the occupant of the condemned building or structure, if any, and also upon an attorney at law appointed by the mayor to represent the absentee. Id. In case of grave public emergency where the condition of the building is such as to cause possible immediate loss or damage to person or property the governing authority may condemn the building after twenty-four hours notice served upon the owner or his agent or the occupant and attorney at law appointed to represent the absentee owner. Id.
In the instant case, defendant admitted in answer to plaintiff's petition that Housemaster Corporation, a Louisiana corporation, was the owner of the building subject to the demolition order. However, defendant caused notice to be directed to and served on L. S. Hiern (not Housemaster Corporation) ordering him to appear on August 28, 1978, before a meeting of the Kenner City Council to show cause why he should not be ordered to repair or demolish his building located at 1039 Third Street in Kenner, Louisiana. Although plaintiff's petition filed in the district court reflects that L. S. Hiern is the president of Housemaster Corporation, the notice herein was not directed to L. S. Hiern in any representative capacity for the owner (Housemaster Corporation) and, in fact, entirely omits any reference to Housemaster Corporation's ownership of the building. In addition, defendant makes no showing that Housemaster Corporation was absent from the state or unrepresented therein or that there existed a grave public emergency justifying alternate means of service of notice under the statutory scheme.
We consider it clear that defendant failed to strictly comply with the requirement of La.R.S. 33:4762 mandating service of notice on the owner of the building or structure requiring it to show cause at a meeting of the governing authority why the building or structure should not be condemned. Accordingly, the subsequent resolution adopted by the Kenner City Council ordering the building demolished is without effect and, as such, the district court erred in dismissing plaintiff's action.
Our resolution of this case renders it unnecessary to pass upon the other contentions advanced by plaintiff to this court.[4] A proper disposition of this matter, therefore, requires a remand to the district court to be proceeded with according to law.

DECREE
For the reasons assigned, the judgment of the district court is reversed and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
NOTES
[1] La.R.S. 33:4762 provides:

Before the governing authority may condemn any building or structure there must be submitted to it a written report recommending the demolition or removal of the building signed by some city official or other person authorized to act in such matters for the municipality. The mayor or chief executive shall thereupon serve notice on the owner of the building or structure requiring him to show cause at a meeting of the governing authority regular or special, why the building or structure should not be condemned. The date and hour of the meeting shall be stated in the notice which shall be served at least ten days prior to the date of the hearing, except in case of grave public emergency as hereinafter provided. The notice may be served by the marshal of the municipality or by any sheriff or deputy sheriff or constable having jurisdiction and power to serve legal process where the owner of the building or structure is found in the State of Louisiana, and the officer shall make return of the service as in ordinary cases.
If the owner be absent from the State or unrepresented therein, then the notice shall be served upon the occupant of the condemned building or structure, if any, and also upon an attorney at law appointed by the mayor to represent the absentee. Domiciliary service may be made as in ordinary cases.
In case of grave public emergency where the condition of the building is such as to cause possible immediate loss or damage to person or property the governing authority may condemn the building after twenty-four hours notice served upon the owner or his agent or the occupant and attorney at law appointed to represent the absentee owner.
[2] La.R.S. 33:4763 provides:

After the hearing, if, in the opinion of the governing authority the facts justify it, an order shall be entered condemning the building and ordering that it be demolished or removed within a certain delay. If repairs will correct the dilapidated, dangerous or unsafe condition, the governing authority may grant the owner the option of making such repairs, but in such a case the general nature or extent of the repairs to be made, the time thereof, and the defects to be corrected, shall be specified in the decision of the governing body.
The decision and order of the governing authority shall be in writing and shall be final unless appealed from within five days as hereinafter provided.
La.R.S. 33:4764 provides:
The owner, occupant, agent or other representative of the owner may appeal from the decision of the governing authority to the district court having jurisdiction over the property. The appeal shall be made by the filing of a suit against the municipality, setting forth the reasons why the decision or order of the governing body is illegal or improper and the issue shall be tried de novo and by preference in the district court. Where a grave public emergency has been declared by the governing authority, the owner of the building who desires to prevent the demolition or removal thereof must file his petition within forty-eight hours and must, at the time of the filing of the petition, furnish such bond as may be fixed by the district judge to cover any damage that might be caused by the condition of the building.
Either party may appeal from the judgment of the district court as in other cases.
[3] 369 So.2d 471 (La.1979).
[4] In brief to this court, plaintiff maintained, inter alia, that it was denied procedural due process both in the pre-hearing notice served by defendant on L. S. Hiern and in the subsequent hearing conducted before the Kenner City Council; that La.R.S. 33:4761-4767 is unconstitutional on its face and as applied to the facts herein; that there was insufficient evidence presented to the city council justifying demolition, rather than restoration of the building; that the five-day appeal provision of La. R.S. 33:4763 does not bar plaintiff's action because it is part of an unconstitutional statutory scheme; that the trial court erred in maintaining defendant's exception of prescription without affording plaintiff a right to amend its petition to specifically urge the unconstitutionality of the statute; and that the trial court erred in failing to issue a writ of mandamus directing defendant, through its executive officer, to issue a building permit to plaintiff.