hAMY, Judge.
In this property matter, the plaintiff appeals the trial court judgment wherein his claims for damages against the Parish of Iberia due to its blockade of the public road adjacent to his property were denied in their entirety. For the following reasons, we affirm the trial court judgment in all respects.
Factual and Procedural Background
On November 25, 1985, the plaintiff, Thomas E. LaSalle, signed a purchase agreement in which he sought to purchase from the First Bank of Southwest Mississippi, for $7200.00, two lots located in Be-lair Subdivision in Iberia Parish. Plaintiff made that agreement contingent upon the following condition:
This offer is subject to the improvements to remain as they are and not demolished by the Parish Council.[1] The purchaser will purchase the property in its as is condition.
| {.By virtue of Resolution No. 85-190, adopted on December 11, 1985, the defendant, Iberia Parish Council, authorized discontinuation of the condemnation and demolition procedures regarding the two properties. However, after several Parish Council meetings at which discussions regarding the streets of Belair Subdivision were held, the Council adopted an ordinance authorizing the barricade of all streets in that subdivision failing to comply with the parish subdivision ordinance and not accepted into the Parish Road Maintenance System. West Drive, the street adjacent to Plaintiffs property, is one such street that was barricaded pursuant to that ordinance. Plaintiff instituted suit against the Council as a result of the barricade of West Drive alleging, among other things, damage due to the denial of access to the public road and that such denial of access was a taking of property and an act of inverse condemnation. He also contended that he was entitled to detrimental reliance damages under La.Civ.Code art, 1967 and that the Council was arbitrary and capricious in its barricade of West Drive. Further, he urged that the Parish Council was obligated to provide him a right of passage under La.Civ.Code art. 689. Pursuant to a joint motion to bifurcate the issues of liability and damages, the parties submitted the liability issue to the trial court on the basis of pre-trial stipulations and stipulations of the record. After taking the matter under advisement, the trial court rendered judgment for the Council on November 6, 1998, dismissing Plaintiffs claims in their entirety. From that judgment, Plaintiff appeals and presents the following assignments of error for our review:
1. Can a landowner be deprived of access to property on a “statutorily dedicated” public road, dedicated in accordance with La.R.S. 33:505113by a parish body seeking to enforce local road-surface requirements enacted following dedication?
*815 2. Was the district court in error in failing to find that there was a “taking” of property without due course of law and without fair compensation in violation of state and federal constitutional rights in barricading a “statutorily dedicated” public road?
3. Was the district court in error in not finding that the denying petitioner-appellant of access to his property was in violation of Louisiana Constitutional Article I, Section 4, or by act of “inverse condemnation”?
4. Was the district court in error for not finding that the defendant-appellant was in violation of Civil Code Art. 789[2] for denying the petitioner-appellant access to his property via the nearest public road?
5. Was the district court in error in failing to find that the defendant-appel-lee was liable to the petitioner for damages in accordance with La.Civ.Code art. 1967 (Detrimental Reliance) for inducing petitioner-appellant to purchase properties on a “statutorily dedicated” public road and thereafter denying petitioner-appellant access to such properties?
6. Was the district court in error for failing to find that the defendant-appel-lee was arbitrary and capricious for its act of barricading a “statutorily dedicated” public road, while permitting other public roads in similar condition to remain open?
Discussion
For purposes of organization and clarity, we will address some of Plaintiffs assignments together. Initially, Plaintiff questions whether Iberia Parish Council has the authority to deny him access to statutorily dedicated West Drive in accordance with its parish ordinance. He also contends that the Council was arbitrary and capricious in barricading West Drive, but allowing “other public roads in similar | condition to remain open.” The barricade ordinance, Ordinance No. 89-08-904, adopted on August 23, 1989, ordained as follows:
SECTION 1. That the Iberia Parish Administration is hereby authorized to barricade all public road rights-of way in the Belair Subdivision, located in District, which are not constructed in accordance with the Parish Subdivision Ordinance and which have not been accepted into the Parish Road Maintenance System, in order to prevent the public use of said rights-of-way.
SECTION 2. That portions of Helm Street, Hine Street, West Drive and Stephanie Drive in the Belair Subdivision have not been constructed in accordance with the Parish Subdivision Ordinance and have not been accepted into the Parish Road Maintenance System.
The Parish Subdivision Ordinance referred to within the barricade ordinance, found at Iberia Parish Code, § 22-49, provides that “[a]ll streets shall be hard-surfaced with adequate drainage.” That provision further details the minimum required specifications for street construction. In his oral reasons for ruling, the trial judge found that the Council was, in fact, authorized to barricade West Drive. In that regard, he ruled as follows:
Louisiana Revised Statute Title 33, Section 1236(2)(A)(20) grants the power to the parish governing authorities to regulate construction, maintenance and use of roads within parish boundaries, including subdivision layouts.
*816 These provisions permit parish governing authorities to enact ordinances relative to roads and their construction, particularly in the development of residential areas through subdivision layouts.
Louisiana Revised Statute Title 48 Section 481 and 48:755, mandate that parishes adopt a system of road administration using acceptable engineering standards for public safety and concern.
[[Image here]]
| fiIn the matter of Bourbon Count[r]y Estates, Incorporated versus St. James Parish, 611 So.2d 180, Fifth Circuit Court of Appeals, 1992, the court held that regulations such as parcel size, street right-of-way and paving requirements, impact on neighbors and possible truck traffic through residential neighborhoods, are all subdivision regulations within the police power of the governing bodies of said parish; that the courts were not to interfere with the decisions of those governing authorities unless it is plain that their action is without any relation to public health, safety or general welfare.
This supports the decision of the Parish of Iberia to barricade and not permit traffic on an unconstructed or unimproved street within Belaire [sic] Subdivision until parish codes and regulations were complied with.
Such action is well within the police power of the governing authority pursuant to State statutes and Louisiana jurisprudence.
In brief, the Council submits that its barricade of West Drive was within its police power and authorized by Louisiana law and jurisprudence, as found by the trial court. For the following reasons, we agree.
The trial court found that, essentially, there was no factual dispute regarding the status of West Drive as a statutorily dedicated road. La.R.S. 33:5051 is the legal basis for statutory dedication. That statute provides, in pertinent part, as follows:
A. Whenever the owner of any real estate desires to lay off the same into squares or lots with streets or alleys between the squares or lots and with the intention of selling or offering for sale any of the squares or lots, he shall, before selling any square or lot or any portion of same:
(1) Cause the real estate to be surveyed and platted or subdivided by a licensed land surveyor into lots or blocks, or both, each designated by number.
(2) Set monuments at all of the corners of every lot and block thereof.
(3) Write the lot designation on the plat or map, and cause it to be made and filed in the office of the keeper of notarial records of the | (¡parish wherein the property is situated and copied into the conveyance record book of such parish, and a duplicate thereof filed with the assessor of the parish, a correct map of the real estate so divided.
B. The map referenced in Subsection A of this Section shall contain the following:
[[Image here]]
(7) A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys, and public squares or plats shown on the map to public use.
C. Formal dedication of property as a road, street, alley, or cul-de-sac shall impose no responsibility on the political subdivision in which the property is located until:
(1) The dedication is formally and specifically accepted by the political subdivision through a written certification that the road, street, alley, or cul-de-sac is in compliance with all standards applicable to construction set forth in ordinances, regulations, and policies of the political subdivision, which certification may be made directly on the map which contains the dedication; or
*817 (2) The road, street, alley, or cul-de-sac is maintained by the political subdivision.
We observe that the record contains what appears to be an act of statutory dedication pursuant to La.R.S. 33:5051, and neither party disputes that West Drive is a public road. In brief Plaintiff states that “[t]he question before this Court is ... what rights does the dedication grant to [him] and to the public in general?”
The law is well-settled that “statutory dedication vests ownership in the public.” St. Charles Parish School Bd. v. P & L Investment Corp., 95-2751, p. 5 (La.5/21/96), 674 So.2d 218, 222; See also Howard v. Louisiana Power & Light Co., 583 So.2d 503 (La.App. 5 Cir.1991). Formal acceptance of such dedication by the political subdivision is not required. See Boagni v. State, Through Dep’t of Transp., 399 So.2d 813 (La.App. 3 Cir.), writ denied, 404 So.2d 497 (La.1981). Our inquiry, however, does not end there. While Plaintiff contends that he is entitled to unobstructed access to the statutorily dedicated West Drive, the Council urges that the barricade ordinance was enacted pursuant to its police power. Several provisions of law are pertinent to the exercise of the Council’s police power. The first of those is La. Const. Art. I, § 4, which provides, in pertinent part, as follows:
Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
Additionally, La.R.S. 33:1236 provides, in pertinent part:
The police juries and other parish governing authorities shall have the following powers:
[[Image here]]
(20) To pass all ordinances and regulations which they deem necessary to govern and regulate the laying out of subdivisions, resubdivisions, roads, streets ... and the location, re-location, widening, removal, vacation or extension or other improvements of such existing public works; the platting of land into lots, roads, streets, and other dedicated or private ways; the location, re-location, development, routing, and re-routing of transit and transportation lines, which in the opinion of the police jury are in the interest of the systematic planning of the parish.
Moreover, La.R.S. 48:481 broadly states as follows:
Parish governing authorities may pass all ordinances which they think necessary relative to roads, bridges, and ditches, and may impose such penalties to enforce them as they think proper.
Two Council ordinances are at issue here. The first is the subdivision ordinance requiring all subdivision streets to be hard-surfaced. The second is the barricade ordinance authorizing the Council to close any subdivision road not in compliance | ¿with the subdivision ordinance. In determining whether the ordinances are valid exercises of the Council’s police power, the following provides guidance:
The ordinance should be upheld if any set of facts can be conceived from which it could be concluded that there is a reasonable relationship between its provisions and the public health, safety, morals, or general welfare. In order to justify a holding that the legislative action is arbitrary, unreasonable or unnecessary, it must be shown that there was no room for a reasonable difference of opinion, and that there was no substantial evidence upon which the legislative action could have been justified.
Acadian Metro. Code Auth. v. Miller, 465 So.2d 158, 160 (La.App. 3 Cir.), writ denied, 467 So.2d 1134 (La.1985), cert. denied, 474 U.S. 859, 106 S.Ct. 169, 88 L.Ed.2d 140 (1985) (citations omitted). Upon review, we find that the ordinances constitute valid exercises of the Council’s police power. Pursuant to La.R.S. 48:481, the Council is vested with expansive au *818 thority regarding road ordinances. Further, the evidence indicates that .West Drive is a dirt road. We recognize that the Council could have concluded that, until West Drive is constructed in compliance with the subdivision ordinance, it presents a potential hazard to motorists. We note that the Council asserted in brief that the road is “uninhabitable for purposes of automobile travel.” In sum, although West Drive is a public road by virtue of the statutory dedication, based upon the foregoing, we find no error in the trial court’s determination that the Council was authorized in its barricade of the road.
Regarding Plaintiffs contention that the Council arbitrarily and capriciously barricaded West Drive while allowing other similarly situated roads to remain open, we observe that Plaintiff bears the burden of proving that such barricade was arbitrary and capricious. See Palermo Land Co., Inc. v. Planning Com’n of Calcasieu Parish, 561 So.2d 482 (La.1990); See also Bourbon Country Estates, Inc. v. St. James Parish (La.App. 5 Cir.1992), writ denied, 613 So.2d 997 (La.1993). However, we find that Plaintiff has failed to carry that burden. Rather, the evidence indicates that no similarly situated roads were left open; all were barricaded. The only evidence of any non-hard-surfaced road left open was a portion of Stephanie Street, which street the Council had specifically accepted for maintenance. Accordingly, this assignment of error is without merit.
Next, Plaintiff contends that the trial court erred in failing to find that the Council’s barricade of West Drive amounted to a “taking” in violation of state and federal constitutional rights and in failing to find that the barricade constituted an “inverse condemnation.” In that regard, the trial court ruled as follows:
The Court finds that the constitutional claims are without merit in the factual findings of this case wherein the Parish of Iberia barricaded the entire street, which affected all landowners along Block F and G of Belaire [sic] Subdivision, not only the property of [Plaintiff], and through the exercise of its police power, it prohibited the opening of the street without its safe construction.
Regarding the prohibition against taking or damaging private property without just compensation, La. Const, art. I, § 4 provides, in pertinent part, as follows:
Property shall not be taken or damaged [3] by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit.
Jurisprudence indicates that public bodies will not be liable for a “taking” or “inverse condemnation” where no special damage is suffered, but rather, the damage is general jinand .sustained by other property similarly situated. See e.g., Reymond v. State Through Dep’t of Highways, 255 La. 425, 231 So.2d 375 (1970). The determination of whether a taking has occurred is a factual finding subject to the manifest error standard of review. See Rivet v. State Dep’t of Transp. & Dev., 93-369 (La.App. 5 Cir. 3/16/94), 635 So.2d 295, writ denied, 94-1606 (La.11/29/94), 646 So.2d 397. Based upon the evidence indicating that West Drive was barricaded in its entirety, we find no error in the trial court’s determination ruling that Plaintiffs constitutional claims were without merit. Additionally, we observe that, unlike the plaintiff in Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992), Plaintiff here has not been deprived of all economically beneficial use of his land, as he apparently has options *819 available to him regarding the paving of West Drive.
Lastly, Plaintiff contends that certain Louisiana Civil Code Articles provide him with bases of recovery for the Council’s barricade. Specifically, he urges that La. Civ.Code arts. 689 and 1967 are applicable. Without providing detailed reasons, the trial court dismissed Plaintiffs claims in that regard.
Concerning the right of passage owed an enclosed estate, La. Civ. Code art. 689 provides, in pertinent part, as follows:
The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road.
Regarding detrimental reliance as a basis for recovery, La.Civ.Code art.1967 provides, in pertinent part, as follows:
A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.
InUpon review of Plaintiffs claim to a servitude of passage under La.Civ.Code art. 689, we find that article to be inapplicable to the instant factual situation and, accordingly, we find no error in the trial court’s dismissal of Plaintiffs claim in that regard. We also find that Plaintiff has failed to establish a claim of detrimental reliance under La.Civ.Code art.1967. To establish entitlement to detrimental reliance damages, Plaintiff had the burden of demonstrating (1) that the Council made a promise to him and (2) that he reasonably relied upon that promise to his detriment. See Carter v. Huber & Heard, Inc. 95-142 (La.App. 3 Cir. 5/31/95), 657 So.2d 409, writ denied, 95-1662 (La.10/6/95), 661 So.2d 471. Here, the evidence indicates that the only promise made by the Council was its ordinance agreeing to discontinue demolition procedures upon the property that Plaintiff purchased; no promise was made regarding West Drive. Plaintiffs claim, therefore, fails.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed in all respects. All costs associated with this appeal are assessed to the plaintiff, Thomas E. La-Salle.
AFFIRMED.

. Pre-trial stipulations indicate that the bank seized the property after the original developer ceased development of the houses located on the two properties.

. We note that the pertinent provision is La. Civ.Code art. 689, rather than La.Civ.Code art. 789, as cited by Plaintiff.

. When a political subdivision damages private property and no expropriation proceeding is begun to compensate the property owner, an inverse condemnation proceeding may be instituted under La. Const, art. 1, § 4. See Arnold, v. Town of Ball, 94-972 (La.App. 3 Cir. 2/1/95), 651 So.2d 313.