ROBERT M. MURPHY, Judge.
| ¡.Placide J. Jumonville, III (“appellant”) appeals the trial court’s April 24, 2013 judgment affirming the Kenner City Council’s April 4, 2013 Resolution to demolish *1281 his Kenner residential property (the “property”) at 50 Granada Drive. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

Appellant has been the sole owner of the property at issue, including improvements thereon, a house and garage, since September 22, 2004, when his parents donated the property to him. On March 1, 2013, appellee Kenner Mayor Michael S. Yenni sent a certified letter to appellant alleging the property to be a serious public hazard, unsafe and dangerous, and recommended for demolition. The letter contained an order to show cause why the structure should not be condemned with an April 4, 2013 date for public hearing before the Kenner City Council.
|sOn March 27, 2013, Inspector John Osterhold issued three summonses citing appellant’s mother and counsel, Jan P. Ju-monville, for nine misdemeanor Kenner code violations including rebar rods coming out from the side of building, substandard structure, mold, foundation and roof violations.
Public hearing. At the April 4, 2013 hearing, the Council reviewed photographs of the property dated February 28, 2013; 65 photographs taken the same day as the hearing to show the condition of the property on that date; and the report of Civil Engineer Frank T. Liang, Vice-President of Digital Engineering. Kenner Code Enforcement Director Tamithia Shaw read the report and summonses into the record.
The City and Mayor argued that the property was dilapidated and an endangerment to the public welfare. Appellees argued their action in passing the Resolution to demolish the property was justified under City of Kenner Ordinance 5-63, infra.
Following the April 4, 2013 hearing, the Kenner Council unanimously passed Resolution No. B-16353, declaring the Granada property a public hazard and ordered the structures at 50 Granada Drive demolished. The Council did not choose to grant appellant the option of making repairs.
Trial de novo. On April 9, 2013, appellant filed a petition for injunction, judicial review, damages, and trial de novo in the district court, according to the appellate procedure as outlined in La. R.S. 33:4764.
On April 23, 2013, the district court at a bench trial heard testimony[1] of appellees’ witnesses: Kenner Mayor Michael Yenni; Kenner Councilman Keith Reynaud of the particular district where the property is located; Inspector John fyOsterhold, and Engineer Liang. Appellant’s father Plac-ide J. Jumonville, Jr. testified on the absent appellant’s behalf through power of attorney.
Relying on Tatum v. Village of Converse, 440 So.2d 1354 (La.App. 3 Cir.1983), writ denied, 444 So.2d 121 (La.1984), the trial court restricted admissible evidence to that submitted prior to the Council’s action taken on the date of the hearing.[2] The court’s sole inquiry was as to the condition of the property on April 4, 2013. The court’s stated objective was to determine whether the Council had sufficient *1282 evidence to order the demolition of the subject property. Accordingly, the trial court did not permit plaintiffs expert, Engineer Leonard Quick, to testify on the appeal of the Council’s action as he did not testify at the Council hearing, except on matters pertaining to injunctive relief, an issue jurisdictionally reserved to the district court and which was not addressed before the Council.[3] Likewise, engineer Liang was permitted to testify as to the conditions of his hiring as the City’s expert, the use of his seal, and his report, read at the Council hearing.
The trial judge defined trial de novo in terms of the admissible evidence under Tatum, supra:
A trial de novo means that all the evidence has to come in anew, but it’s still the question before the Court as whether or not the Council had sufficient evidence to act as it did at the time it passed the resolution. Everything that has happened subsequent to that really isn’t relevant to the particular proceeding.
[[Image here]]
You can’t impose knowledge on the Council that happened three weeks after they passed the resolution.
|BMayor Yenni and Engineer Liang testified in the trial court confirming the selection of Digital Engineering’s selection and authorization by the City to inspect the property and prepare a written report, the presentation of this report to the Council, and introduction at trial. Digital Engineering V-P Liang reported that the “structure is a serious public hazard” and recommended to “have it abated by demolition or brought up to Kenner City Code or ordinance.” Liang’s report found the structures substandard by reason of inadequate maintenance, dilapidation and abandonment. Liang’s report, quoted above, had been presented to the Council by Ken-ner Code Enforcement Director Tamithia Shaw and considered without Liang’s appearance. Appellant’s questioning of Liang’s selection and authority to inspect and report on the property at issue under La. R.S. 33:4762(A)(2) necessitated review of the Mayor’s testimony regarding Digital Engineering/ Liang’s selection. This Court deems irrelevant all testimony not offered or available on the date of the Council hearing except as earlier described.
Mayor Yenni also presented 65 photographs taken the day of the hearing and admitted into evidence without objection. Mayor Yenni and Councilman Keith Rey-naud testified as to the numerous public complaints over more than a decade that each had received and as to the volume of files each had accumulated in the course of business regarding the condition of appellant’s property. Mayor Yenni had previously been Kenner’s Chief Administrative Office and thus had personal knowledge of the property.
Appellant objected to evidence of complaints; the trial court overruled objections and allowed the evidence to demonstrate the complaints’ having been subsequently referred to Kenner Code Enforcement office for inspection; and to demonstrate the weight of the evidence of this property’s long-term static condition.
| ^Appellant, through his father, contended that the structures in question were sound and secure. He contended that the visible appearance or condition of the bottom of the siding in no way affected the integrity of the building. He admitted that no utilities are connected to the house *1283 and that the house has been uninhabited for years. Appellant testified that the holes along the slab were caused by subsidence and are present throughout Kenner.
Appellant responds that that he cleaned the yard, removed the offending fence, signed a contract for “cosmetic garage repairs” with Home Renovation Plus, and orally contracted with Castillo Construction for repairs to the house, with a written contract soon to follow the hearing date. Appellant complains that he received photos from October 2, 2012 to October 11, 2012, over four months old. He further contended that the City of Kenner entered the property and house without notice or request and thus violated his constitutional rights.
On April 23, 2013, the trial court affirmed the ruling of the Kenner City Council, denied appellant’s relief, and assigned oral reasons. The appellant voluntarily dismissed his petition for injunction without prejudice. On April 24, 2013, the trial court signed a written judgment and designated the Judgment as final.
The trial court found “there was sufficient evidence for the City Council to take the position it took.” In its judgment, the court stated that it did not take into consideration the misdemeanor summonses, as it found “there was sufficient evidence on other grounds.”
| tAppeal. On May 22, 2013 appellant timely filed a petition for suspensive and/or devolutive appeal. La. R.S. 33:4763, et seq. The trial court granted the suspensive appeal on posting of a $9,000.00 bond.[4]

ASSIGNMENTS OF ERROR

1.The trial court erred in finding ap-pellees had complied with the procedure for condemning and ordering demolition of a structure under Louisiana Revised Statutes 33:4762.
2. The trial court erred in limiting the evidence to exhibits introduced and witnesses at the Council Hearing.
3. The trial court erred in finding the Council had sufficient evidence to demolish plaintiffs structures.
4. The trial court erred in allowing irrelevant hearsay evidence of unsupported complaints.
5. The trial court erred in admitting and considering evidence obtained in violation of Plaintiffs Constitutional Rights to be free of an unlawful search and seizure.
6. The trial court erred in denying Plaintiffs evidence, Plaintiffs Proffer 1, while taking judicial notice of a suit filed 16 years ago when he was not owner and seven years ago on issues unrelated to the present case.

STANDARD OF REVIEW

The trial court in this matter conducted a de novo review of the Kenner City Council resolution to determine whether the Council had sufficient evidence to enact Resolution B-16353 as of April 4, 2013. Tatum, supra.
In order to reverse a factfinder’s determination — here sufficiency of the evidence — an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the factfinder is clearly wrong or manifestly erroneous. Wiley v. Lipka, 42,794 (La.App. 2 Cir. 2/6/08), 975 So.2d 726, writ denied, 08-0541 (La.5/2/08), 979 So.2d 1284.
*1284 |sIn reviewing the evidentiary rulings of a trial court, the appellate court must consider whether the particular ruling complained of was erroneous, and if so, whether the error prejudiced the complainant’s case, with reversal warranted only if the error prejudiced the complainant’s case. Crisler v. Paige One, Inc., 42,563 (La.App. 2 Cir. 1/9/08), 974 So.2d 125.

LAW AND DISCUSSION

In his assignment of emr number one, the appellant contends that appellees failed to comply with the statutory procedure for condemning and ordering the demolition of a structure under La. R.S. 33:4761 et seq. The applicable statutes that follow grant a municipality the power to condemn structures which are in a dangerous condition that endanger the public welfare after affording procedural due process of sufficient notice and a public hearing.
La. R.S. 33:4761 provides that:
[t]he governing authority of any parish or municipality may condemn and cause to be demolished or removed any building or structure within the parish or municipality when it is in a dilapidated and dangerous condition which endangers the public welfare. (Emphasis added).
The statute provides due process protections of sufficient notice, here, more than ten days in advance of the hearing by certified mail, and a hearing before a structure can be condemned. La. R.S. 33:4762 provides in pertinent part:
(A)(2) Before the parish or municipal governing authority may condemn any building or structure, there shall be submitted to it a written report recommending the demolition or removal or the building signed by some parish or city official or other person authorized to act in such matters for the parish or municipality. The parish president, police jury, mayor, or chief executive shall thereupon serve notice on the owner of the building or structure requiring him to show cause at a meeting of the governing authority, regular or special, why the building or structure should not be condemned. The date and hour of the meeting shall be stated in the notice which shall be served at least ten days prior to the date of the hearing, except in case of grave public emergency.... |9(2)(a) The notice may be served by mailing it via the United States Postal Service, by either registered or certified mail, return receipt requested, to the owner at the owner’s last known address.
(b) Service by registered or certified mail shall be considered personal service if the certified return receipt or the return form is signed by the addressee. Service by registered or certified mail shall be considered domiciliary service if the certified return receipt or the return form is signed by anyone other than the addressee. (Emphasis added).
If the governing body then finds the structures at issue are in a dangerous condition, it may order condemnation or allow the owner the option to repair the dangerous conditions. La. R.S. 33:4763 provides that permissive option to the municipality:
A. After the hearing, if, in the opinion of the parish or municipal governing authority the facts justify if, an order shall be entered condemning the building and ordering that it be demolished or removed within a certain delay. If repairs will correct the dilapidated, dangerous, or unsafe condition, the parish or municipal governing authority may grant the owner the option of making such repairs, but in such case *1285 the general nature or extent of the repairs to be made, the time thereof, and the defects to be corrected shall be specified in the decision of the governing body.
B. The decision and order of the parish or municipal governing authority shall be in -writing and shall be final unless appealed from within five days as hereinafter provided. (Emphasis added).
La. R.S. 33:4764 provides that the appeal shall be filed in the district court.[5]
(A) The owner ... may appeal from the decision of the parish or municipal governing authority to the district court having jurisdiction over the property. The appeal shall be made by the filing of a suit against the parish or municipality, setting forth the reasons why the decision or order of the governing body is illegal or improper, and the issue shall be tried de novo and by preference in the district court. Where a grave public emergency has been declared by the parish or municipal governing authority, the owner of the building who desires to prevent the demolition or removal thereof must file his petition within forty-eight hours and must, at the time of the filing of the petition, furnish such bond as may be fixed by the district judge to cover any damage that might be caused by the condition of the building. (Emphasis added).
1 inKenner Municipal Code of Ordinances 5-63, entitled Substandard Buildings Declared Nuisances, provides for demolition or removal of hazards or public nuisances, as follows:
All buildings or structures, and all parts thereof, which, after inspection, are found not to meet the minimum housing standards of this article by virtue of being unsafe, unsanitary, unfit for human habitation, or not provided with adequate egress; or which constitute a fire hazard, or are otherwise dangerous to human life; or which in relation to existing use constitute a hazard to safety or health by reason of inadequate maintenance, dilapidation, obsolescence, or abandonment; are hereby declared to be public nuisances and shall be abated by repair, rehabilitation, demolition or removal. Demolition or removal shall be in accordance with R.S. 33:4761 et seq. (Emphasis added).
Notice and hearing were not contested. Appellant did contest, however, appellees’ compliance with La. R.S. 4762(A)(2)’s requirement that “there must be a written report recommending demolition or removal by some city official or other person authorized to act in such matters by the municipality.” (Emphasis added). Appellant contended that Liang was not properly authorized to inspect and report in this matter, and his report was therefore not in compliance with La. R.S! 33:4762. Appellant argued that this lack of authority rendered the City’s resolution without effect. Appellant relied on the Supreme Court’s holding in Housemaster Corp. v. City of Kenner, 374 So.2d 1240, 1243 (La.1979), which required strict compliance with the statutory requirements of sufficient notice and public hearing before a structure can be ordered demolished.
Appellees contended conversely that they have met each statutory requirement to have the property demolished. The Mayor testified that the City through Code Enforcement hired Digital Engineering to inspect the property and structures at 50 Granada, that its engineer (V-P) Liang *1286 performed the inspection on February 27, 2013 and submitted a •written report to the City on February 28, 2018. In that report, Liang “found the structure to be substandard by reasons of | ninadequate maintenance, dilapidation and abandonment” and recommended that the building be declared a nuisance and demolished or abated.
We find Housemaster, swpra, applicable as it requires strict compliance with the statute to demolish a structure without compensation. On de novo review, we find that appellees have nonetheless strictly complied with the applicable statutes and jurisprudence. Engineer Liang had the City’s authority to inspect the subject property and to render a written report. He complied with his assignment and recommended abatement or demolition, the threshold determination for the City to take up the matter of demolition or repair of the property under La. R.S. 33:4763(A) at a public hearing.[6]
We further find that considering the record in this proceeding, the relevant testimony taken, the photographs offered in evidence at the trial court, and the Engineer’s report, all depicting the property’s condition on April 4, 2013, the trial court did not err in finding the municipality met its burden of proving sufficient evidence of dilapidated and hazardous structures at 50 Granada Drive.
Accordingly, assignment of error number one lacks merit.
In his assignment of error number two, appellant contends that the trial court erred in limiting the evidence to exhibits introduced and witnesses or their representatives who testified at the Council Hearing. For example, appellant complains that the trial court did not let Leonard C. Quick, an expert in civil and structural engineering and forensic engineer, testify and that the trial court did not admit evidence of a denial of a 2006 permit to repair the property. In summary, appellant contends that the trial court denied his right to have the whole case retried as if there had been no prior hearing. Appel-lees respond that because Quick [ 12was not available, did not testify, nor present a report at the Council hearing, his testimony should not be allowed at the trial court.
Appellant cites Tatum, supra, for a different reason than that offered by appel-lees. Appellant argues that Tatum required that he should have been allowed to make repairs, in lieu of demolition, as the property did not threaten the public welfare. In Tatum, the owners received additional time to make repairs before a rescheduled meeting to take up the demolition issue. The owners made substantial repairs before the meeting occurred. Without notice to the owners, the Council voted to condemn. The repairs were considered in Tatum because of the notice issue. These facts are inapposite, however, to the instant facts, as appellant made no repairs, substantial or otherwise, prior to the Council resolution on April 4, 2013; appellant argued he was merely in the process of contracting for future repair work.
Appellees’ reliance on Tatum, supra, correctly establishes that the determinative factor for the admissible evidence is the state of the property on the date the Council acted. The trial judge agreed with appellees that he “only need[ed] to know what was in front of the council; he recognized the appeal as a de novo hearing with regards to whether or not the Council had sufficient evidence.” We agree with the trial judge’s determination of relevant evidence and exclusion of evidence or testi *1287 mony not presented or not available on the date of the Council hearing with the exceptions noted.
The Council has a statutory mandate to minimize public nuisances and protect public welfare. La. R.S. 38:4761 et seq. The City has the burden to show there was sufficient evidence in order for the Council to enact the Resolution. Automated Bldg. Corp. v. City of Bossier City, 530 So.2d 671 (La.App. 2 Cir.1988), writ denied, 533 So.2d 358 (La.1988). Appellant is not prejudiced as he | ishad an opportunity to present his expert and investigative materials at the Council proceeding. Additionally, appellant has not shown or alleged to the district court or in this appeal that expert testimony was unobtainable with due diligence on the hearing date.
Over appellant’s objection, the trial judge also took judicial notice without request of prior published cases involving this property’s condition as permitted by La. C.E. art. 202. These cases involved the City of Kenner and appellant’s parents, including his father, currently his attorney-in-fact. In City of Kenner v. Jumonville, 97-125 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, writ denied, 97-2890 (La.1/30/98), 709 So.2d 718, cert. denied, 524 U.S. 953, 118 S.Ct. 2371, 141 L.Ed.2d 739 (1998), this Court affirmed the trial court’s judgment ordering the Jumonvilles to complete renovations to the same Granada property in accordance with a consent agreement between the Jumonvilles and the City of Kenner. The same opinion affirmed two rulings of the district court holding the Jumonvilles in contempt for failure to comply with the consent judgment. In City of Kenner v. Jumonville, 00-1696 (La.App. 5 Cir. 4/11/01), 793 So.2d 574, the Jumonvilles appealed a judgment of the district court ordering them to pay fines for their failure to complete renovations in accordance with their permit. This evidence supports the conclusion that at minimum this same property, subject to transfer between family members, (1) has not been in compliance with permits and consent judgments; and (2) has been the subject of litigation. See also City of Kenner v. Jumonville, 05-860 (La.App. 5 Cir. 3/28/06), 927 So.2d 574 (affirming violations of City ordinances; taking judicial notice of prior Jumonville cases; and noting appellant’s absence in that proceeding when he was living in China).
Appellant proffered evidence of a 2006 building permit application. The trial court denied the admission of this evidence as irrelevant to its review of the 114condition of the structure on April 4, 2013. Again, we find the trial court was not erroneous in limiting the admission of evidence of proposed work as opposed to the actual condition of the property on the hearing date. See Tatum, supra.
Based on Tatum, we find that the trial court did not err in limiting the exhibits and witnesses to those presented at the Council hearing.
Accordingly, assignment of error number two lacks merit.
In his assignment of error number three, appellant contends that the trial court erred in finding the Council had sufficient evidence to demolish appellant’s structures.
In support of his position, appellant also cites the provisions in the Louisiana Constitution, which provide at Art. I, Sec. 4:
(A) Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power. [Emphasis added].
(B)(1) Property shall not be taken or damaged by the state or its political subdivisions except for public purposes
*1288 and with just compensation paid to the owner or into court for his benefit ... (2) As used in Subparagraph (1) of this Paragraph and in Article VI, Section 23 of this Constitution, “public purpose” shall be limited to the following:
⅜ * *
(c) Removal of a threat to public health and safety caused by the existing use or disuse of the property.
La. R.S. 33:4763(A) provides in part: After the hearing, if, in the opinion of the parish or municipal governing authority the facts justify it, an order shall be entered condemning the building and ordering that it be demolished or removed within a certain delay.
Whether a taking occurred is a factual finding subject to the manifest error standard of review. LaSalle v. Iberia Par. Council, 99-216 (La.App. 3 Cir. 6/2/99), 741 So.2d 812. However, based on the nature of the condemnation 1 ^proceeding, where the structure endangering the public welfare may be either demolished or abated, the landowner is not deprived of all economically beneficial uses of the land so as to constitute a taking. Id. at 818; La. Const. Art. I, Sec. 4.
We find that the trial court did not manifestly err in its conclusion that the property on April 4, 2013 was in a dilapidated and defective condition which endangered the public welfare. Based on the foregoing discussion, we find that the City of Kenner, the governing body, bore the burden of proving the structures were in a dilapidated and dangerous condition which endangered the public welfare. Tatum, supra. It met this burden through evidence of photographs taken that day, Liang’s expert engineering report, and the trial court’s taking of judicial notice of the property’s long history of neglect, code violations and abandonment. We find that the evidence adduced at trial supports the trial court’s factual findings.
Assignment of error number three lacks merit.
In his assignment of error number four, appellant contends that the trial court erred in allowing irrelevant hearsay evidence of unsupported complaints. The appellate court must determine whether the particular evidentiary ruling was erroneous, and if so, whether the ruling prejudiced the party’s case. Crisler, supra.
Kenner public officials Mayor Yenni and Councilman Reynaud were each personally familiar with the status of the property. Mayor Yenni was Kenner’s Chief Administrative Officer prior to his election as mayor, and Councilman Reynaud’s district includes the Driftwood Subdivision containing the property at issue. These witnesses thus testified from personal knowledge regarding cases and complaints. The complained-of testimony is further not offered for the truth of the matter asserted, but rather are business records kept in the ordinary course of business, to show how complaints were directed, how long they existed, and most notably, whether they were ever resolved by Code Enforcement, the Council, |¡ (¡contempt proceedings in the District Court, or by the appellate process. We find no error in the trial court’s admitting evidence and statements regarding complaints through the Mayor and Councilman. Additionally even if there was error, there is no prejudice, as the complaints substantiate the judicial notice taken of the published litigious history of the property at issue.
Accordingly, assignment of error number four lacks merit.
In his assignment of error number five, appellant contends that the trial court erred in admitting evidence obtained in violation of appellant’s constitutional rights to be free from an unlawful search and seizure. Appellant contends the City Attorney, its trial counsel, Code Enforcement *1289 officials, and engineer Liang entered the property and dwelling without consent and violated his right to privacy when there was no exigency to do so.
The appellees respond that the Constitution protects only against unreasonable searches and seizures and that in the instant matter, the property has been unoccupied since 1995, without utilities, and unsecured, thus making any inspection of the vacant property reasonable. Significantly, the appellees note there was no contemporaneous objection by appellant to the admissibility of the 65 photographs taken the day of the hearing. These photographs include those taken inside the structure.
Without contemporaneous objection, assignment of error number five lacks merit.
In his assignment of error number six, appellant contends that the trial court erred in denying appellant’s evidence, Proffer 1, while taking judicial notice of a suit filed 16 years ago when he was not owner, although his parents were, and one seven years ago on issues unrelated to the present case.
|17This issue has been discussed previously in this Court’s applying Tatum’s mandate to restrict relevant evidence to the condition of the property on the date of the hearing. On the issue of proposed work, the trial court admitted evidence of contracts pending on the Council hearing date of April 4, 2018; it did not permit introduction of anticipated work seven years ago or after the date of the hearing.
We find this sixth assignment of error lacks merit.
Based on the foregoing, we find the City of Kenner has met its burden to establish there was sufficient evidence in order for the Council to enact the ordinance. Automated Building Corp., supra.

DECREE

After a thorough review of the trial court record, we affirm the judgment of the trial court.

AFFIRMED.

. Testimony was required at the district court level to create a record for review of witnesses who testified before the Council.

. Appellant complained in his brief that the trial court permitted testimony by Councilman Reynaud, Liang, and Osterhold when they did not testify at the Council hearing. This argument lacks merit: (1) there was no contemporaneous objection; (2) Kenner Councilman Reynaud was at the dais at the Kenner Council hearing and offered the resolution at issue pertaining to his district; (3) Osterhold’s testimony is not being considered on this appeal; and (4) Liang’s testimony is considered only as to his report read at the Council hearing, and as to his hiring and his seal, issues posed by appellant.

. Appellant dismissed his claim for injunctive relief after the trial court ruled on the sufficiency of the evidence.

. On June 3, 2013, the appellees hied a motion to traverse the validity and sufficiency of the bond and to dismiss the appeal. After a hearing, the trial court found appellant's bond to be sufficient and denied appellees’ motions to traverse and to dismiss.

. La. Const. Art. 5, Sec. 16(B) provides that the "district court shall have appellate jurisdiction as provided by law.”

. We further find that the trial court did not manifestly err in finding Liang’s report to be complete despite absence of an engineer’s seal.